STATE OF VERMONT

SUPERIOR COURT                                        ENVIRONMENTAL DIVISION
Vermont Unit                                              Docket No. 49-4-14 Vtec

| Madden v. Town of New Haven |
|---|

## ENTRY REGARDING MOTION

Title:           Motion to Amend (Motion 5)
Filer:          John A.G. Madden
Attorney:     Pro Se
Filed Date:    October 9, 2014

No response filed

**The motion is DENIED.**

On January 28, 2014 the Town of New Haven (the Town) Planning Commission (the Planning Commission) held a hearing and voted 6-0 on proposed zoning changes to a 3.45 acre parcel of land at the corner of River Road and Route 7 in New Haven, Vermont (parcel 788.1). The Town Selectboard (the Selectboard) held a public hearing on the issue in February 2014. New Haven resident John Madden, acting pro se, participated in the public hearing and questioned whether an amendment to the Zoning Map required a town vote. Subsequently, the Selectboard amended both the Town bylaws and the Zoning Map to reflect the changes to parcel 788.1 by majority vote. Mr. Madden appealed that decision to this Court.

In his petition, Mr. Madden requested that this Court clarify the proper procedure to amend the Town Zoning Map. Specifically, he questioned whether the amendment required approval by a vote of New Haven residents rather than the Selectboard.

In a September 12, 2014 Entry Order, this Court granted the Town of New Haven's Motion for Summary Judgment and denied Mr. Madden's Motion for Summary Judgment related to Mr. Madden's appeal. The Court concluded that the Selectboard followed the proper statutory procedures for amending the Town bylaws.

Now pending before the Court is Mr. Madden's motion to amend our September 12, 2014 Entry Order, arguing that he has been deprived of his right to vote. We consider this motion to be a motion pursuant to Vermont Rules of Civil Procedure (V.R.C.P.) 59.

Rule 59(e) "affords trial courts the broad power to generally examine the correctness of a judgment itself," and to make revisions or amendments if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." In re SP Land Co., 2011 VT 104, ¶ 16, 190 Vt. 418; Rubin v.

1

Sterling Enters., Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). The grant of a motion to alter or amend a judgment after its entry is, however, "an extraordinary remedy which should be used sparingly." 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1.

The Court has identified four principal reasons for granting a Rule 59(e) motion: (1) "to correct manifest errors of law or fact;" (2) to allow a moving party to "present newly discovered or previously unavailable evidence;" (3) to "prevent manifest injustice;" and (4) to respond to an "intervening change in the controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule.").

As we stated within our September 12 Entry Order, Mr. Madden's assertion that he has been deprived of his right to vote arises out of an apparent failure to distinguish between the Zoning Map and the Town Plan Map. He argues that the Town voted to adopt Town Plans and amendments by Australian ballot at a 2000 Town Meeting. The matter at issue in this appeal is an amendment to the Town bylaws and Zoning Map, not the Town Plan Map. The Zoning Map is distinct from the Town Plan map. Nothing in Title 24 Chapter 117 eliminates the distinction between a Land Use Map in the Town Plan and the Zoning Map that is part of the Zoning Bylaws.

Mr. Madden points to no newly discovered or previously unavailable evidence nor to any change in the law. Thus, we only consider whether there was some manifest error of the Court or whether the decision creates a manifest injustice. We find no such error or injustice, and therefore Mr. Madden's motion must be denied. Despite disagreeing with the Court's legal analysis, Mr. Madden points to no justification for disturbing our judgment.

For the reasons stated above, Mr. Madden's motion to alter or amend our September 12, 2014 Entry Order is **DENIED**.

Electronically signed on October 28, 2014 at 02:05 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant John A.G. Madden
Cindy Ellen Hill (ERN 5390), Attorney for Interested Person Town of New Haven